Howell, J.
The plaintiffs, having obtained a judgment against the defendant, the latter appealed, and M. J. Newman, James Murphy and Mills Judson became his sureties on an appeal bond. Pending the appeal the defendant died, his administrator was made a party to the appeal, and the judgment was affirmed. The plaintiffs issued execution against Butler, which -was returned milla bona, whereupon they took a rule against the sureties to show cause why they should not be condemned in solido to pay the amount of the judgment. An answer to the rule was filed setting up the defence that since signing the bond, the sureties had learned, that this whole demand had grown out of an illicit enterprise, on the part of both the plaintiffs and defendant, to traffic with the people in rebellion against the government, which was not disclosed in the original suit. On motion of plaintiffs’ counsel this answer was stricken out, without prejudice to the right to urge any legal defence, on the ground that the sureties cannot go behind the judgment. To which ruling they reserved their bill. "We think the court did not err.
We can perceive no good reason for making this case an exception to the general rule that sureties cannot go behind t]y> judgment and set up any matter that might have been pleaded or shown in' the original suit.
The authorities and principles of good morals, invoked by the appellants, do not, in our opinion; apply to the liability and obligations of sureties on appeal bonds, which are fixed by special laws. Their obligations arise out of the bond which are that their principal shall prosecute his appeal and satisfy any judgment which may be rendered against him, failing in either of which they are liable in his place. The law does not contemplate that the case shall be tried anew on its merits between the appellees and the sureties on the appeal bond.
The more difficult question is presented by the appellants in their objections, raised for the first time in this court, to the sufficiency of the sheriff’s return on the fieri facias, in not showing that a demand was made on both parties, and in the failure of the plaintiffs to take all necessary steps against the principal on the bond in accordance with the act of 1855, l 5, p. 305, (amended in 1806, p. 42) before proceeding against the sureties. To the latter objection the plaintiffs have made no reply, but their argument and authorities may be applied to both, the substance of which is, that under the practice and jurisprudence of the State, they are not required to do any act in order to secure their im *513 mediate recourse against the sureties on the appeal bond, because no execution could legally issue against their debtor’s estate, and hence the steps taken, though not regular, were unnecessary, and they cite the cases of Alley v. Hawthorne, 1 A. 122, and Wells v. Roach, 10 A. 515, to which we may add Trimble v. Brichta, 11 A. 271, as sustaining their position.
In the last case (11 A. 271,) where the facts were very similar to thoso in the case at bar, but no step at all was taken against the principal, the previous cases and the existing laws were reviewed, and the doctrine in Alley v. Hawthorne, in its broadest terms recognized, as that which has been followed since May, 1816, notwithstanding the legislation of 1855, (see Session Acts pp. 365, $ 5, 399, g 6,) to-wit: “ If the creditor cannot take out his execution on the judgment, by reason of a change in the condition of the debtors’ estate, which prevents its being reached by that process, the law requires no act in order to secure his immediate recourse against the surety on the appeal bond:” and the rule therein 'against the surety was maintained although no step whatever was taken against the representation of the debtor’s estate, and the defence was specially set up in the lower court.
The cases of Alley v. Hawthorne, 1 A. 122; Wogan v. Thompson, 10 A. 281; Wells v. Roach, 10 A. 511; and Bourgeat v. Adams, 11 A. 78, were cited by the Court.
Although we may consider the doctrine more broadly stated in most of the above cases, than the facts in each made it necessary for a decision, we are disposed to apply it in this, as it was applied in those, for .the reasons that we find the statement made and repeated, in the printed brief of appellants, that Butler, the principal on the appeal bond, was insolvent, and that the defence was not made in the lower court, where the plaintiff's would have had an opportunity to prove, what is admitted in the brief.
It is therefore ordered that the judgment appealed from be affirmed, with costs.
Rehearing refused.